**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REUBEN CLEMONS, | DOCKET NUMBER |
| Appellant, | DC-1221-24-0751-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 1, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Reuben Clemons, Atlanta, Georgia, pro se.

Diane Tardiff, Bedford, Massachusetts, for the agency.

Kimberly M. Thrun, Esquire, Cheektowaga, New York, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding contributing factor, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-15 Supervisory Realty Specialist with the Department of Veterans Affairs, Lease Execution Division in Washington, D.C. Initial Appeal File (IAF), Tab 6 at 29. On September 9, 2023, the appellant filed a complaint with the agency's Office of Accountability and Whistleblower Protection (OAWP), alleging that his supervisor was violating legal standards concerning floodplain management. IAF, Tab 1 at 16, Tab 23 at 26-29. He withdrew his complaint on September 27, 2023. IAF, Tab 23 at 26. On September 28, 2023, the appellant accepted the agency's offer approving his reasonable accommodation request for full-time telework at his residence in Atlanta, Georgia. IAF, Tab 6 at 91-92. On November 2, 2023, the appellant's supervisor issued him a written reprimand based on charges of failure to follow instructions and conduct unbecoming, which concerned his distribution of a memorandum on October 27, 2023, and his refusal to meet with his supervisor about the same. *Id.* at 60-61. On November 30, 2023, the appellant retired from Federal employment. *Id.* at 29-32. He later learned, in February 2024, that his

change of duty station based on the telework agreement resulted in a decrease in the amount of his retirement annuity. IAF, Tab 5 at 6-8.

On April 7, 2024, the appellant filed a formal Equal Employment Opportunity (EEO) complaint with the agency concerning his written reprimand, an involuntary retirement/constructive discharge, and a decrease in his retirement benefits. IAF, Tab 6 at 19-23. On April 16, 2024, the agency informed the appellant that it was accepting the appellant's complaints concerning the decrease in his retirement benefits, but that the written reprimand and an involuntary retirement/constructive discharge claims were untimely and would only be considered in the analysis of a hostile work environment claim. *Id*. at 21. The record contains no additional evidence regarding the status of this EEO complaint.

Meanwhile, on February 3, 2024, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his supervisor issued the written reprimand in retaliation for his filing the September OAWP complaint. IAF, Tab 1 at 6-16. He also claimed, among other things, that his retirement was coerced. *Id*. at 16. On June 11, 2024, OSC notified the appellant that it closed its inquiry into his allegations and informed him of his right to file an IRA appeal with the Board. *Id*.

On July 25, 2024, the appellant filed his Board appeal, indicating that he was appealing an "involuntary retirement," and attaching his OSC complaint and close-out letter. IAF, Tab 1 at 2, 6-16. The administrative judge issued an order that apprised the appellant of the jurisdictional requirements in an IRA appeal and ordered the appellant to make detailed factual allegations concerning his claim that his retirement was involuntary. IAF, Tab 3. The appellant responded, alleging only one protected activity, i.e., his September 2023 OAWP complaint, and the following three personnel actions: (1) a written reprimand, (2) an involuntary retirement, and (3) an alteration of his telework agreement following his retirement that reduced his annuity. IAF, Tab 5.

The administrative judge issued an order finding that the appellant established the Board's IRA jurisdiction over his September 2023 OAWP complaint and the written reprimand. IAF, Tab 8 at 3-5, 8. He found that the appellant did not exhaust his claim concerning the alteration of his telework agreement with OSC, and, while he exhausted an involuntary retirement claim with OSC, he did not raise nonfrivolous allegations that his retirement was involuntary. *Id.* at 5-8. The appellant alleged various disclosures and personnel actions in his subsequent pleadings notwithstanding the jurisdictional ruling, IAF, Tabs 14-17, 20, 31, and the administrative judge amended his jurisdictional order to also find nonfrivolous allegations of a personnel action of a hostile work environment. IAF, Tab 19 at 1-2.

On January 15, 2025, after the appellant withdrew his request for a hearing, *see id.* at 2, the administrative judge issued an initial decision denying the appellant's request for corrective action, IAF, Tab 32, Initial Decision (ID). He found that the appellant did not prove by preponderant evidence that he was subjected to a hostile work environment and, concerning his only remaining claim that the written reprimand was in retaliation for his September 2023 OAWP complaint, found that the appellant failed to prove contributing factor. ID at 7-11.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tabs 1, 4. He argues that the administrative judge was biased and that he erred by restricting the scope of his IRA appeal, incorrectly weighing the evidence, and accepting witness affidavits submitted by the agency after the close of the record. PFR File, Tab 4. He asserts that his appeal is a "mixed case." *Id.* at 8. The agency has responded in opposition to the agency's petition for review. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant did not establish the Board's mixed-case jurisdiction.</u>

We affirm the initial decision denying the appellant's request for corrective action for the reasons discussed herein. However, as the appellant argues that his Board appeal is a "mixed case," we take this opportunity to address the administrative judge's processing of this appeal as an IRA appeal under the Whistleblower Protection Enhancement Act (WPEA), in which allegations of discrimination related to Equal Employment Opportunity (EEO) violations are generally excluded. IAF, Tab 14 at 20-21; PFR File, Tab 4 at 8; *see* 5 U.S.C. § 1221; *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020). The appellant was a supervisor and was not covered under a collective bargaining agreement; thus, he was not subject to the election of remedies provisions of 5 U.S.C. § 7121(g). *Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 14; IAF, Tab 6 at 15. Therefore, the appellant had the option of pursuing his involuntary retirement claim based on alleged discrimination as either an IRA appeal or a mixed-case appeal.[2] *See Requena*, 2022 MSPB 39, ¶ 14.

Normally, an employee is required to elect between filing a mixed-case complaint with the agency or filing a mixed-case appeal directly with the Board, and whichever is filed first is considered an election to proceed in that forum. *Shapiro v. Department of Veterans Affairs*, 114 M.S.P.R. 585, ¶ 7 (2010); 5 C.F.R. § 1201.154(a); *see* 29 C.F.R. § 1614.302(b). If an agency dismisses an employee's EEO complaint as untimely, as was the case here, the employee has an appeal right to the Equal Employment Opportunity Commission (EEOC), but not to the Board. *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 11 (2008); *Nabors v. U.S. Postal Service,* 31 M.S.P.R. 656, 660

---

[2] The appellant's other claims do not pertain to adverse actions covered under chapter 75 and, thus, cannot form the basis for the Board's mixed-case jurisdiction. *See* 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a)(1).

(1986), *aff'd,* 824 F.2d 978 (Fed. Cir. 1987) (Table); IAF, Tab 6 at 21. Nevertheless, in order for a complaint or appeal to be considered a valid election, the complainant or appellant must have been informed of his right to appeal to both forums and the consequences of such an election. *McCoy,* 108 M.S.P.R. 160, ¶¶ 13-14; *French v. U.S. Postal Service*, 80 M.S.P.R. 171, ¶ 6 (1998). Because we find no indication that the appellant was ever informed of these issues in connection with his involuntary retirement claim, we conclude that he was not precluded from pursuing a mixed-case appeal directly with the Board.

The administrative judge did not require that the appellant clarify that he was, in fact, pursuing an IRA appeal as opposed to a mixed-case appeal. We find no prejudice to the appellant's substantive rights, however, because he did not establish the Board's jurisdiction over his involuntary retirement appeal despite being afforded a full and fair opportunity to do so. An appellant's burden to prove that his retirement was involuntary is the same in both an IRA appeal and in a chapter 75 action. *See, e.g., Swinford v. Department of Transportation*, 107 M.S.P.R. 433, ¶¶ 14-15 & n.3 (2007) (applying, in an IRA appeal, the standards for voluntariness in the context of chapter 75). Here, the administrative judge properly notified the appellant of his burden of proof and correctly found that the appellant did not raise nonfrivolous allegations that his retirement was involuntary. IAF, Tab 3 at 7-8, Tab 5, Tab 8 at 5-7. The appellant's subsequent submissions did not warrant modification of that finding. *See, e.g.*, IAF, Tab 16; ID at 3-6; PFR File, Tab 4. Therefore, we find that the appellant did not establish the Board's mixed-case jurisdiction,[3] and the administrative judge did not err by proceeding to adjudicate this case as an IRA appeal.

---

[3] In light of this finding, we need not determine the other jurisdictional elements of a chapter 75 appeal or the timeliness of such an appeal. *See Higgins v. U.S. Postal Service*, 86 M.S.P.R. 447, ¶ 6 (2000) (explaining that the existence of Board jurisdiction is the threshold issue in adjudicating an appeal).

The appellant did not meet his burden of proof in his IRA appeal.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11. At the merits stage of an appeal, the appellant must prove the same by preponderant evidence. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 13. We find no reason to disturb the administrative judge's well-reasoned findings that the appellant exhausted only one protected disclosure or activity with OSC, i.e., his September 2023 OAWP complaint, and proved only one subsequent personnel action, i.e., the November 2023 written reprimand. ID at 4-7. The appellant's reiteration of his arguments concerning various other disclosures/activities and personnel actions essentially constitutes mere disagreement with the administrative judge's explained findings, which does not establish a basis for review. *See Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 14.

The administrative judge further found that the appellant did not prove that his September 2023 OAWP complaint was a contributing factor in the November 2023 written reprimand. ID at 7-11. A protected disclosure is a contributing factor if it in any way affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under that test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a

contributing factor in the personnel action. *Id.*; *see* 5 U.S.C. § 1221(e)(1). If an appellant fails to satisfy the knowledge/timing test, the Board considers other evidence to determine whether the appellant satisfied the contributing factor standard, such as the following: (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the actions, (2) whether the whistleblowing was personally directed at the proposing or deciding officials, and (3) whether those individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15. Here, we agree with the administrative judge's findings that the appellant failed to prove contributing factor under either the knowledge/timing test or the *Dorney* factors. ID at 7-11. However, as the appellant reraises several challenges to the agency's written reprimand that are relevant to the Board's inquiry under *Dorney* factor (1), but which the administrative judge did not expressly address in the initial decision, we modify the initial decision to supplement the administrative judge's analysis. PFR File, Tab 4.

Specifically, the appellant's supervisor issued the appellant a written reprimand based on one specification of failure to follow a supervisor's instructions and two specifications of conduct unbecoming a federal employee. IAF, Tab 6 at 60-61. As mentioned above, the charges concerned the appellant's distribution, on Friday, October 27, 2023, of a memorandum that appeared to have his supervisors' concurrence but did not, and the appellant's refusal to attend a meeting with his supervisor the following Monday morning regarding his distribution of the memorandum. *Id.* at 60-61, 70-76. For his part, the appellant asserts under oath that he informed his supervisor of his intent to finalize and distribute the memorandum during a conversation the day before and that his supervisor responded "affirmatively." PFR File, Tab 4 at 26; IAF, Tab 6 at 45, Tab 31 at 14-17. In his written response to the reprimand, he accused his supervisor of "retaliation through excessive micromanagement," but he also attributed the situation to his supervisor's ineffective communication during the

conversation.  IAF, Tab 6 at 45, 60.  The appellant also contends that there was no agency policy requiring formal approval of a memorandum.  PFR File, Tab 4 at 25; IAF, Tab 31 at 14.  Overall, these arguments do not persuasively discredit his supervisor's position that the appellant's distribution of the memorandum was improper.  The agency's position, by contrast, was supported by strong evidence for the reasons explained in the initial decision.  ID at 9-10; IAF, Tab 6 at 72-79.

The appellant also argues that his supervisor falsely accused him of refusing to attend a meeting to discuss the unauthorized distribution of the memorandum, whereas he merely requested a postponment so that Human Resources could attend.  PFR File, Tab 4 at 26; IAF, Tab 6 at 60, Tab 14 at 77.  However, we agree with the administrative judge that the documentary evidence of this interaction strongly supports the agency's reasons for reprimand.  ID at 9-10; IAF, Tab 6 at 60, 70.  The appellant further argues that the instructions to attend a meeting were improper because they did not comply with his requested accommodation for feedback in written form.  PFR File, Tab 4 at 26; *see* IAF, Tab 6 at 99, Tab 14 at 20-21, 27-29, 52, 161; *cf. Hamilton v. U.S. Postal Service*, 71 M.S.P.R 547, 555-56 (1996) (stating that an agency may prove the charge by establishing that proper instructions were given to an employee and that the employee failed to follow them).  Notably, he did not raise this contention in response to the meeting request, and he appeared willing to meet with his supervisor on other occasions.  IAF, Tab 6 at 45, 70, Tab 31 at 14.  Furthermore, an Accommodation Request Determination shows that the appellant accepted the agency's offer of a reasonable accommodation request for full-time telework, which suggests that the appellant's request had been properly closed.  IAF, Tab 6 at 91-92.  In any event, even assuming that the charge of failure to follow instructions was not warranted, the agency still had ample reasons for issuing the reprimand based on the charge of conduct unbecoming.  IAF, Tab 6 at 60.

Finally, while the appellant argues that the agency bypassed progressive discipline required by VA Handbook 5021 and should have issued him a warning

instead of a written reprimand, IAF, Tab 31 at 30, PFR File, Tab 4 at 19, the agency's table of penalties does not support his position, *see* IAF, Tab 6 at 211. Accordingly, after further considering the appellant's arguments relevant to *Dorney* factor (1), we affirm the administrative judge's finding that the appellant failed to prove contributing factor. ID at 9-10.

<u>The appellant's claims of adjudicatory bias and harmful procedural error are without merit.</u>

The appellant raises a claim of adjudicatory bias, alleging that the administrative judge possessed "institutional favoritism toward the agency." PFR File, Tab 4 at 5-6. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Here, the appellant merely argues that the administrative judge's bias was evident based on his procedural rulings and weighing of the evidence. PFR File, Tab 4 at 4-6. Thus, he has not shown bias. *Vaughn*, 119 M.S.P.R. 605, ¶ 18.

The appellant also appears to argue that the administrative judge's procedural ruling, in which he accepted into the record late-submitted affidavits by two agency witnesses over the appellant's objections, constituted reversible error. PFR File, Tab 4 at 8, 17-18; IAF, Tabs 23-28. The deadline for closing the record is within the sound discretion of the administrative judge so long as the procedures comport with the basic requirements of fairness and notice, including an opportunity for one party to respond to the opposing party's submissions. *Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990). Here, the administrative judge properly exercised his discretion: he found good cause for the late filings based on the agency's explanation of a technical difficulty and no prejudice to the appellant based on a de minimis, one-hour delay. IAF, Tab 30. Furthermore, he granted the appellant's request for an extension of time to

respond, and the appellant did, in fact, respond to the agency's submissions. IAF, Tabs 28-31. Thus, we conclude that the administrative judge's rulings were not an abuse of discretion.

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.